except such as would arise out of a naked agency. Taking the complaint as a whole, its statements are quite as consistent with the fact that the plaintiff acted as the agent of the defendants as with the conclusion that he was a party to a joint adventure. The pleader seems to have carefully avoided making averment in terms of any of the matters which enable a court of equity to take jurisdiction of the action. We think that, in the absence of facts from which a necessary inference would arise authorizing the maintenance of an equitable action, the complaint is not sufficient. The inference of mere agency is quite as strong as is that of any other character, and for that reason we think the pleading fails to certainly aver the essential facts necessary to invoke the aid of a court of equity. When a pleading is susceptible of two meanings upon a material fact, the one most unfavorable to the pleader must be taken. Clark v. Dillon, 97 N. Y. 370. This rule finds pertinent application in this case. The statement of the complaint that an action is pending, which denies right in the plaintiff to participate in the money held by him, adds to the strength of the conclusion we have reached as its tendency is to show the interpretation which has been placed by the defendants upon the character of the transaction, and the plaintiff's allegations do not make a different case. The most that can be said of this complaint is that it has come up to the border line of essential averment, but has failed to cross it. We think, however, that the judgment below is erroneous in dismissing the complaint and rendering final judgment. The plaintiff should have leave to plead over.

The judgment should, therefore, be modified by sustaining the demurrer, with costs, with leave to the plaintiff to plead over within 20 days on the payment of costs of this appeal and in the court below. All concur.

(67 App. Div. 319.)

### BENSON v. EASTERN BUILDING & LOAN ASS'N.

(Supreme Court, Appellate Division, Fourth Department. December 3, 1901.)

1. CONTRACTS—CONDITIONS—VALIDITY.

　　Where a contract with a building association requires that any action against it shall be commenced in a certain county, the provision is valid, and an action commenced in another county than that agreed upon will be dismissed.

2. ACTION—COMMENCEMENT.

　　Where a contract provides that any suit thereunder shall be commenced in a certain county, service of summons in that county in a suit to be tried in another county is not a commencement of the suit in such county, under Code Civ. Proc. § 416, providing that an action is commenced by the service of a summons, which, by section 417, must specify the name of the county in which the plaintiff desires the trial, and section 481, providing that the complaint, also, must specify the name of the county in which the action is to be tried.

Appeal from trial term, Oswego county.

Action by Cadwell B. Benson against the Eastern Building & Loan Association, of Syracuse. From a judgment for defendant, plaintiff appeals. Dismissed.

The following is the opinion of the court below (WRIGHT, J.):

This action was tried before the court without a jury. At the close of the plaintiff's proof the defendant's attorney moved for a dismissal of the action on the ground that this court, while sitting in Oswego county, has no jurisdiction of this case, for the reason that the parties to the contract have therein agreed upon the county of Onondaga as the place wherein any action should be commenced which may be brought in this court on the contract. The contract provides that "any action brought against this association shall be commenced * * * in the county of Onondaga." "Where the statute authorizes a change of venue by stipulation, the jurisdiction of one court may be taken away, and the same vested in the other, by the agreement of the parties." Works, Courts, 152; Carpenter v. Shepardson, 43 Wis. 406; Bennett v. State, 3 Ind. 167. And where the action is commenced, in violation of the agreement, in a county other than that which has been agreed upon in the contract, the defendant is entitled to a dismissal of the action. Greve v. Insurance Co., 81 Hun, 28, 30 N. Y. Supp. 668; In re New York, L. & W. R. Co., 98 N. Y. 447; Daley v. Association (decided by the supreme judicial court of Massachusetts) 59 N. E. 452; Heslin v. Association, 28 Misc. Rep. 376, 59 N. Y. Supp. 572. The object of this stipulation is to provide that litigation affecting the mutual rights of the parties shall be confined to the county wherein their transactions are recorded, and thus to avoid the expense, annoyance, and inconvenience to the defendant of its officers being required to absent themselves from their duties and transport voluminous books to distant parts of the country, and to avoid the interruption of business incident thereto. It is a reasonable and judicious provision, founded on prudential business considerations. The learned counsel for the plaintiff urges that the agreement requires only that the summons shall be served in Onondaga county, and cites the first sentence of section 416 of the Code of Civil Procedure, which provides that "a civil action is commenced by the service of a summons." But the following section (417) provides that the summons must specify "the name of the county in which the plaintiff desires the trial," and section 481 of the Code provides that the complaint, also, must specify "the name of the county which the plaintiff designates as the place of trial." This designation in the summons and complaint determines the county in which the action is commenced. It is the county wherein the papers are filed, and wherein the action, after commencement, is to be continued until judgment. To hold that the action is not commenced in the county designated in the summons and complaint, but in the county wherein the summons happens to be served, and to hold that the action is to be continued in a county other than that in which it is commenced, would be an incongruity.

Elementary text-book writers and legal authorities habitually speak of the county wherein the action is commenced as the county designated in the summons and complaint as the place of trial. Mr. Works, in Courts and Their Jurisdiction (page 326), in speaking of the commencement of actions, says: "At common law the venue must be laid in the proper county in local actions, or the court is without jurisdiction. * * * The effects resulting from the commencement of an action in the wrong county are very materially modified by the rule * * * that, where the question is as to the jurisdiction of the person, a party may submit his person to the jurisdiction of the court by appearing therein and proceeding in the action." And on page 332 he says: "The common-law distinction between local and transitory actions, so far as it affects the place of commencing actions, * * * has ceased to exist under the codes." In Hancock v. Burton, 61 Cal. 70, it is held that, notwithstanding that the constitution requires that actions affecting the title to real estate must be commenced in the county where the land is situated, a statute authorizing a change of venue is not unconstitutional. Under such a constitutional provision, to hold that the proper commencement of an action should be dependent upon finding the defendant in the same county wherein the land is situated, and serving the summons on him there, would not be reasonable. Again, in cases where the defendant cannot be found within the state, and personal service of the

summons is made outside of the state, or by publication, in what county, according to the plaintiff's theory, is the action commenced? It is therefore apparent that it cannot be held that the happening of the defendant to be in any particular county where the summons is served on him determines that to be the county wherein the action is commenced. The provision of the Code, cited by the plaintiff's counsel, relates only to the method of commencing an action, and does not relate to the county wherein the action is commenced. Various methods are adopted for the commencement of actions. In California, Washington, and several other states an action is commenced by the filing of the complaint in the office of the clerk of the court. In Arkansas, Colorado, and the District of Columbia it is commenced by the filing of the complaint with the clerk, and the issuing of a summons. Several other states follow the New York method. 1 Enc. Pl. & Prac. 120–141.

The foregoing considerations lead to the inevitable conclusion that this court, while sitting in Oswego county, has no jurisdiction of this case. Because the mistake in the practice necessitates the dismissal of the action it is unnecessary to consider the merits. The action is dismissed, but only on the above-stated ground.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

D. P. Morehouse, for appellant.
D. A. Pierce, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of WRIGHT, J., delivered at trial term.

---

(69 App. Div. 127.)

## In re BLACKSTONE'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. TRANSFER TAX—MONEY ON DEPOSIT—PROPERTY SUBJECT.
　　Where a nonresident placed a large amount of stock in a foreign railway company with a New York trust company, to be sold, and allowed the proceeds of the sale to remain in the hands of such company, under an agreement that it should hold the fund in trust, paying interest thereon, and should deliver all or any part of the fund to him on two days' notice, such property was within the state, and subject, at his death, to the transfer tax.

2. SAME—APPRAISEMENT—APPEAL BY CITY COMPTROLLER.
　　As the comptroller of the city of New York has authority to institute proceedings to enforce the transfer tax, he has authority to appeal from the decision of the surrogate, although the powers in respect thereto had devolved on the comptroller of the state.

Appeal from order of surrogate, New York county.

In the matter of the appraisal of the property of Timothy B. Blackstone, deceased. From an order of the surrogate (72 N. Y. Supp. 59) declaring the transfer of certain property exempt from taxation, the comptroller of the city of New York appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Thomas Penny, for appellant.
Edward W. Sheldon, for respondent.

HATCH, J. Timothy B. Blackstone, whose estate is sought to be taxed under the transfer tax law in this proceeding, was a resident